**FILED**
**Dec 20, 2019**
**09:53 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tara Tate | ) | Docket No.   2017-08-0572 |
| | ) | |
| v. | ) | State File No. 72128-2016 |
| | ) | |
| BWay Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

**Affirmed and Certified as Final**

---

After the employee experienced a work-related injury and underwent surgery, the parties reached a court-approved settlement of the employee's claim that identified the physician who was to provide future medical care. The employee subsequently requested additional medical care, but the designated physician, as well as multiple other physicians, refused to see her, indicating no additional medical care was necessary. Following a hearing to address the employee's request for additional medical care, the trial court denied the request, concluding the employee failed to establish she was in need of additional medical treatment for her work-related injuries. The employee filed a notice of appeal but failed to identify any issues for our review, failed to file a transcript of the hearing or a joint statement of the evidence, and failed to file a brief supporting her appeal. We affirm the trial court's order denying the employee's request for additional medical treatment and certify the order as final.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Tara Tate, Memphis, Tennessee, employee-appellant, pro se

Paul Todd Nicks, Memphis, Tennessee, for the employer-appellee, BWay Corporation

**Memorandum Opinion**[1]

In September 2016, Tara Tate ("Employee") injured her left elbow and low back as a result of an accident that occurred in the course and scope of her employment with BWay Corporation ("Employer"). Employee was diagnosed with left cubital tunnel syndrome and a lumbar strain that her authorized physician, Dr. Robert Lonergan, indicated was caused by Employee's work-related accident. After conservative care failed to relieve Employee's elbow complaints, Dr. Lonergan surgically treated Employee's left elbow in February 2017. However, Employee continued to experience pain and swelling in her left upper extremity, prompting Dr. Lonergan to recommend an MRI.

After reviewing the MRI films, Dr. Lonergan advised Employee the MRI did not disclose any "organic or biologic contribution" to her pain, and he indicated Employee's symptoms "would be more compatible with a mild case of complex regional pain disorder." Dr. Lonergan recommended two weeks of work conditioning and explained to Employee that, afterwards, "it would be reasonable to have her return to work at full duty depending on her clinical progress."

Following Employee's participation in a work conditioning program, she returned to Dr. Lonergan, reporting that a small nodule and other bumps had appeared on her elbow that she stated were not present before her injury. After reviewing the report of Employee's work conditioning program, Dr. Lonergan released Employee from his care, indicating she had reached maximum medical improvement and could return to work without restrictions. He included the following in his office note:

> [Employee] was found to be noncompliant with the work conditioning program and was found to be severely pain focused, but not showing overt signs of distress. She was seen to be severely self-limited and did not give a lot of effort per the [work conditioning program's] report. The report goes on to state that from a rehabilitative standpoint, there appears to be no objective reason that she could not rapidly improve and restore full function [of her] left upper extremity if she is motivated to do so. It goes on also to state that it is unlikely she will put any further effort into her rehabilitation as she does not appear to have any goals at this point of returning back to her regular work duties. . . . We would not have any maximum restrictions to assign to her due to her overwhelming symptom magnification and submaximum [sic] performance seen on the objective testing.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

2

Dr. Lonergan's final report stated he did not have anything further from a medical perspective that he thought needed to be done, and he recommended observation of the nodules, adding that they could be addressed at a later time if necessary. The report stated "there is no medical intervention that is recommended for [Employee's nodules] at this time and I do not think that presents any barrier to being able to return to any particular employment." On May 25, 2017, Dr. Lonergan assigned Employee a permanent impairment of 2% to the body as a result of her upper extremity injury.

In September 2017, Employee resolved her claim for workers' compensation benefits in a court-approved settlement that designated Dr. Lonergan as her physician for future medical care related to her work injuries. In May 2018, Employee requested additional medical care due to ongoing complaints of left elbow pain, but Dr. Lonergan refused to see Employee. As a result, Employer provided a panel of physicians from which Employee selected Dr. Christian Fahey. The report of Employee's initial visit with Dr. Fahey stated that Employee "complained of numbness and tingling in her left forearm and elbow, with associated knot," adding that Employee "previously had an injury which she re-aggravated" at work. Dr. Fahey concluded that Employee's "presentation" did not represent or constitute a new injury.

Dr. Fahey saw Employee on two subsequent occasions. At Employee's final visit on September 12, 2018, Dr. Fahey indicated "there is no evidence of any ongoing pathology," stating there is "no reason to believe that any further interventions would be of any value." He discharged Employee, reporting he "[did] not believe any further treatment should be done."

In November 2018, Employee filed a petition requesting the court to order Employer to provide another physician panel. On the same date the petition was filed, Employee selected Dr. John Lochemes from a third panel of physicians provided by Employer. After reviewing Employee's medical records, Dr. Lochemes reported he had no treatment to offer Employee and refused to see her. Thereafter, Employee's medical records were submitted to two specialists for review, but both indicated they had no treatment to offer. Employer presented a fourth panel of doctors from which Employee selected Dr. Norfleet Thompson. Dr. Thompson reviewed Employee's medical records and also refused to provide treatment. Employer subsequently wrote to Dr. Fahey asking whether he would be willing to see Employee again. He declined, writing that Employee "is angry and belligerent and a very unwelcome patient," adding that "[s]he had no objective findings and was very rude to my staff on several occasions."

In May 2019, Employee filed a request for a hearing that she supported with an affidavit stating that she had surgery and continues to "suffer from pain and limited motion." Following a hearing, the court declined to order Employer to provide additional medical care, concluding the medical evidence established that Employee did not need further treatment for her work injury. Employee has appealed.

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2019). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

Tennessee Code Annotated section 50-6-204(g)(2)(B) (2019) authorizes a workers' compensation judge to "determine whether it is appropriate to order the employer . . . to provide specific medical care and treatment, medical services or medical benefits, or both, to the employee pursuant to . . . a workers' compensation settlement agreement approved by a workers' compensation judge." Here, the workers' compensation judge conducted a hearing for that purpose and determined the medical evidence "established that [Employee] does not need further treatment for her work injury" and that Employee "failed to rebut that [medical] evidence."

Employee has not filed a transcript of the hearing or a statement of the evidence, and she has not filed a brief on appeal. *See* Tenn. Comp. R. & Regs. 0800-02-21-.03(3) (2018). Accordingly, we must presume the trial judge's factual findings are supported by the record. *Hale v. Prime Pkg. & Label, LLC*, No. 2015-06-0150, 2015 TN Wrk. Comp. App. Bd. LEXIS 22, at *13 (Tenn. Workers' Comp. App. Bd. July 16, 2015).

We are unable to discern from the record what errors Employee contends the trial judge made. In the section of the notice of appeal that requests a statement of the issues or basis for relief on appeal, Employee wrote the following:

Appeal to keep my medical insurance and worker[s'] compensation. On Sept[ember] 25, 2017 was filed to keep + my settlement – medical insurance.

It is not our role to search the record for possible errors or to formulate Employee's legal arguments in favor of her position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App.

4

Bd. Jan. 15, 2019).  Based upon the absence of any meaningful identification of an alleged error by the trial judge or argument from Employee as to how the judge allegedly erred in denying Employee's request for additional medical care, we affirm the trial judge's order and certify it as final.  Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tara Tate | ) | Docket No. 2017-08-0572 |
| | ) | |
| v. | ) | State File No. 72128-2016 |
| | ) | |
| BWay Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 20th day of December, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Tara Tate | X | | | X | taratate61@yahoo.com<br>4288 Ravenwood Drive North<br>Hornakle, MS 38637 |
| Paul Nicks | | | | X | pnicks@travelers.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov